In the Matter of Brian Keith ABBOTT, aka Brian K. Abbott, aka Keith Abbott, Debtor.

Paul D. MALINA, Trustee in Bankruptcy, Plaintiff,

v.

Harold S. STAINS, Miriam E. Wallace, Defendants.

Bankruptcy No. 3–79–1286.
Adv. No. 3–80–0113.

United States Bankruptcy Court, S. D. Ohio, W. D.

July 24, 1980.

**322**

■■■■■■■■■

Marshall L. Massie, Xenia, Ohio, for defendants.

Paul D. Malina, Springfield, Ohio, trustee-plaintiff.

Michael DeWine, Xenia, Ohio, for bankrupt.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter came on for trial on 11 July 1980, at which time Claim No. 13 on the Claims Register for the amount of $10,000.00 for "Compensatory Damages, Punitive Damages, Attorney's fees and costs" was disallowed for want of proof and documentation; not subject to liquidation; and, only contingent at best.

The cause of action asserted by Plaintiff for reimbursement for "one-half of the expenses for fertilizer, seed, chemicals and other expenses" pursuant to the usual and customary farming 50/50 share agreement between Defendants and the Bankrupt was held under consideration, to enable the Court more time to review the evidence and testimony adduced.

Mature consideration substantiates the facts, that the agreement was oral and fully consummated. The only documentary evidence adduced as to gross proceeds was the sales vouchers and "grain patronage ledger" upon harvesting of the crop, which was in no manner impeached by any other evidence. The only witness (not a party) was not entirely unbiased and disinterested, having previously been an adversary litigant against the bankrupt.

Defendants received gross proceeds from the crop of $2,974.89 and net checks of $2,875.83.

The amount of the controversy for one half of the expenses, in the sum of $2,167.16, has been established by testimony and documentation from the bankrupt, and no evidence was submitted to impeach such proof.

The review of the evidence further demonstrates that defendants admit liability under the 50/50 agreement, but refused payment after the harvest and receipt of one-half of the gross proceeds, claiming Bankrupt did not pursue proper farming methods. This claim was never asserted prior to the harvest, and was never vigorously maintained during attempts by the Bankrupt to obtain settlement. After Bankrupt filed suit in the Xenia Municipal Court, Defendants then filed an Answer and Counter-Claim for $10,000.00, which was the basis of Claim No. 13 previously disallowed herein from the bench, for want of proof. Before the state court suit, the only reason ever offered by Defendants for nonpayment was that they did not then have funds on hand.

The Court must now conclude that the nebulous controversy over farming methods is too indefinite, and more in the nature of a belated rationalization. It was a customary 50/50 arrangement and the parties had a duty to raise such questions, if any, during the course of the farming season. The vicissitudes of crop production and marketing are too hazardous to permit one party to reap all of the benefits and disclaim all responsibility for crop failures.

The court notes, in addition, that the Bankrupt and his capabilities were well known in the community and to the Defendants, he having even been employed for tilling on the same farm previously under a written "cash lease".

In fact, in this case, there is considerable evidence that the Bankrupt performed his function in a very capable manner and that the harvest did not come up to expectations because of natural conditions beyond his control. The controversy over the Fall harvest is one of those debatable subjects more amenable to fireside philosophical treatment than scientific proof in a court, certainly not established herein by competent, material evidence.

Furthermore, there was no contract guarantee of a minimum production quota or of a minimum net profit. If such guarantees are to be enforced, they, at least must be incorporated into a properly drawn and executed contract.

The Defendants have reason to be disappointed with the net income for the season. It must be remembered, nevertheless, that the Bankrupt suffered the same disappointment. In addition, the Bankrupt incurred expenses of at least $4,334.32 for seed and chemicals, not counting his equipment and labor, for which he did not receive any reimbursement whatever.

The testimony by Defendants raised some doubt or innuendo concerning the application of the chemicals on the subject farm. However, no material evidence was submitted to show any specific diversion to other uses. Mere conjecture does not at law rebut the direct testimony of the Bankrupt, and should be rejected by the court.

Accordingly, judgment should be and is hereby, awarded to Plaintiff for Defendants' share of the total expenses, in the amount claimed of $2,167.16.